Malone *v.* The State.

R. D. MALONE *et al. v.* THE STATE.

CRIMINAL LAW. *Malicious mischief.* If a mere trespasser erect a building on the land of another, having neither right of property or occupancy, the building becomes at once a part of the freehold, and the owner of the land may remove the building without being guilty of malicious mischief, under the Code, sec. 4652, sub-sec. 1.

FROM MORGAN.

Appeal in error from the Circuit Court of Morgan county. D. K. YOUNG, J.

DEWITT & SHEPHERD for Malone.

ATTORNEY-GENERAL LEA and HENDERSON & JOUROLMON for the State.

COOPER, J., delivered the opinion of the court.

Plaintiffs in error were indicted and convicted for that "unlawfully, wilfully, knowingly and maliciously they did injure, deface, disfigure and destroy a valuable house and building belonging to the prosecutor," said house being worth twenty-five dollars.

The prosecutor says he applied to Mr. McEwen, and also to Mr. Gerding, to buy a strip of land 100 feet square near Oakdale, on the Cincinnati Southern railroad. They told him that the title was in dispute between them, "but gave him power to occupy the land," agreeing to sell to him whichever one gained it. Witness began to build a business house on the

land. "It was about 150 feet from the depot, and on the land claimed by the railroad company." When he got ready, after a week's work grading the lot, to lay the sills of the house, the defendant, Malone, who was assistant roadmaster in the employ of the company, and Mr. DeCanzo, civil engineer, notified him not to erect the house. Witness worked on until he had got his house ready for the shingles, when the defendant came, under orders from the company, tore the house down, carried the lumber about 100 feet up the side of the mountain, and put it in a pile. This was done without anger or rough language on their part.

The defendants read in evidence a deed of Hunnicutt and wife, executed May 21, 1874, for six acres of land to the railroad company, and proved that the company had been in possession of the land since the purchase from the Hunnicutts, and had erected their depot, tool and section house and water-tank thereon, and had caused the lines of the land to be run, and corner stones to be put up at each of the corners, but had not enclosed it. The land taken possession of by the prosecutor was within the boundary of the land claimed by the company. And the building was removed by order of the company.

The court was requested by the defendants to charge the jury: "If they believed that the prosecutor was a trespasser upon the lands of the company, and that the defendant, without being actuated by malice or wantonness towards the prosecutor, and acting under the orders of the company, removed him as a tres-

passer, they would not be guilty of malicious mischief."
The trial judge refused the request, and charged the
jury: "That if the proof showed that the house of
the prosecutor was situated upon the property claimed
by the Cincinnati Southern Railroad Company, and that
the prosecutor was in possession of the same, the de-
fendant would have no right to throw down and re-
move such house. The remedy of the company would
be by the proper civil suit, in which they might es-
tablish their right to the property, or to the posses-
sion, and thereby remove the trespasser."

The statute under which the indictment was found
is in these words: "It is declared to be a misde-
meanor to wantonly injure, deface or disfigure any
building or figure attached thereto, or the enclosures
thereof, belonging to the State, or any county, city,
town, or to another person": Code, sec. 4652, sub-
sec. 1. To bring a case within the statute the in-
jury must be done wantonly, and to a building
"belonging to another person than the person doing
the injury. The statute does not require the injured
party to have the legal title to the property, for the
character of ownership is of little importance as an
element of the offense. It is sufficient to have the
right of possession, even if it is temporary: *State* v.
*Mathas,* 3 Lea, 36. But there must be some right
of property. And it would be clearly a good defense
to the indictment to show that both the title and
right of possession were in the party by whom, or
under whose order, the act was done. *Dotson* v. *State,*
6 Cold., 545.

The proof shows that the injury complained of was committed by order of the Cincinnati Southern Railroad Company, that the company had a proper title to the *locus in quo* under which it had been in actual possession for years, having erected valuable buildings, its railroad, and other works, upon a part of the land conveyed to it, whereby its possession was extended to the boundaries of its deed. The prosecutor had no title nor right of possession to the land, and could acquire none as against the actual possession of the company. He was a mere trespasser, without actual occupancy, for his building was not completed. By the common law every thing affixed to the freehold becomes a part of the freehold, and this law applies with all its rigor to buildings erected on land without permission of the owner of the freehold by a mere wrong-doer: *Childress* v. *Wright,* 2 Cold., 350. The prosecutor's building, therefore, as fast as erected, became *eo instanti* the property of the railroad company, and might be removed by its order.

His Honor's charge was consequently erroneous. He should have said to the jury that if they found that the house in question was upon the land of the railroad company, and erected without their permission or authority, and that the prosecutor had neither right of property or of occupancy, the company would have the right to remove the building, or cause it to be removed, and would not for so doing be guilty of malicious mischief as charged in the indictment.

Reverse and remand.